RICHARD OBERTO
ATTORNEY AT LAW
CA State Bar No. 247285
516 W. Shaw Ave. Ste 200
Fresno, California 93704
Telephone: (559) 221-2557

Attorney for the defendant,
Ulisses Navarette

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       *Plaintiff,*<br><br>   v.<br><br>ULISSES NAVARETTE,<br><br>       *Defendant.* | ) No. 1:25-cr-00216-KES-EPG<br>)<br>) STIPULATION TO CONTINUE STATUS<br>) CONFERENCE HEARING AND EXCLUDE<br>) TIME; RULE 182 AND THE CRIMINAL<br>) JUSTICE ACT PLAN<br>)<br>) Hearing Date: 1/28/2026<br>) Hearing Time: 1 p.m.<br>) Courtroom: 10<br>) Judge: Hon. Erica P. Grosjean<br>) |

**TO THE ABOVE ENTITLED COURT:**

The parties hereby stipulate and agree to exclude time from the date of the previously scheduled status conference hearing on January 28, 2026, to a new status conference hearing date of March 25, 2026. The defendant ULISSES NAVARETTE has a Rule 43 waiver already on file. Dkt. No. 16, filed 12/4/25. The basis for excluding time comes under 18 U.S.C. 3161(h)(7), which provides grounds for a continuance when "any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. 3161(h)(7)(A). The factors that the judge must consider include, among others, "[w]hether the failure to grant such a continuance . . . would be likely to . . . result in a miscarriage of justice" or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective

1

preparation, taking into account the exercise of diligence." *Id.*, 3161(h)(7)(B)(i), (iv).

In the present case, the continuance and exclusion of time are necessary to provide defense counsel a reasonable time for case preparation. Counsel was appointed in the case this past November of 2025. Dkt. No. 14, filed 11/17/25. Later that same month, counsel received notice of discovery that included about a couple hundred pages of written discovery and a significant amount of data from officer-worn body cameras. In the latter part of December of 2025, counsel engaged the services of an investigator for a confidential assignment related to preparation of the case. According to a recent report, the investigator has made some initial progress on the confidential assignment, but will require at least a few more weeks to complete the task. Counsel considers the assignment essential to the case assessment and trial preparation. Once the investigator completes the assignment, counsel will need to evaluate whether any additional investigator assignments may be necessary and whether the investigator's report must be produced to the prosecutor.

For the reasons stated, counsel for both the defense and prosecution agree to continue the case for a status conference hearing on March 25, 2026. The parties agree that the continuance is reasonable and necessary for effective case preparation, taking into account the exercise of diligence. The parties agree that the ends of justice served by ordering the continuance outweigh the best interest of the public and the defendant in a speedy trial.

DATED: 1/23/2026            */s/ Richard Oberto*
                            RICHARD OBERTO
                            Attorney for the defendant,
                            Ulisses Navarette


DATED: 1/23/2026            */s/ Luke Baty*
                            LUKE BATY
                            Assistant United States Attorney

## ORDER

IT IS SO ORDERED that the status conference hearing previously scheduled for January 28, 2026, be continued to **March 25, 2026, at 1 p.m. in Courtroom 10 before Magistrate Judge Erica P. Grosjean**.

The Court finds that the ends of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial.  The failure to grant the requested continuance would deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of diligence.  Time is excluded pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv).

**IT IS SO ORDERED.**

**DATED:   January 23, 2026**                    /s/ Erica P. Grosjean

**UNITED STATES MAGISTRATE JUDGE**

3